935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen WALLACE and Peggy Sharp, Plaintiffs-Appellants,
v.
Irene WHITT, Defendant-Appellee.
 Nos. 90-6051, 90-6052.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1991.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 In this case plaintiffs appeal the order of the District Court denying their motion to transfer their diversity tort action under 28 U.S.C. Sec. 1406(a) and granting defendant's motion to dismiss. For the reasons set out below, we hold that the District Court erred in denying the transfer. We reverse the order of dismissal and remand for an order transferring the case to the proper venue.
 
 
 2
 This is an automobile accident case. According to the complaints, one of the plaintiffs suffered a broken neck and the other is now bedridden as a result of various injuries. The accident occurred on June 25, 1988, in Lincoln County, Tennessee. The defendant is a resident of Lincoln County, Tennessee, but has a mailing address in Ardmore, Giles County, Tennessee. Lincoln County is in the Eastern District of Tennessee; Giles County is in the Middle District. The defendant thus lives in the Eastern District of Tennessee, in fact, a few hundred feet from the Giles County line, and has a mailing address in the Middle District of Tennessee. The plaintiffs live in Madison County, Alabama.
 
 
 3
 The plaintiffs filed their action for personal injuries on March 3, 1989, in State Court in Alabama. The State Court dismissed for lack of jurisdiction on April 20, 1989. The plaintiffs re-filed in federal district court in the Northern District of Alabama, on June 9, 1989. The Northern District of Alabama, in response to the defendant's motion to dismiss for lack of personal jurisdiction, transferred the case to the Middle District of Tennessee on January 19, 1990. Although the defendant's mailing address was within the Middle District of Tennessee, she lives in the Eastern District and thus this transfer was improper. The defendant apparently recognized the mistake as to venue at the time the transfer order was entered but did not identify the problem for the Northern District of Alabama. Rather, in response to the improper venue, the defendant filed a motion to dismiss in the Middle District of Tennessee and the plaintiffs filed a motion to transfer to the Eastern District of Tennessee. The District Court denied the motion to transfer and dismissed the case.
 
 
 4
 Under Sec. 1406(a) when a district court considers a case in which venue is improper, it is directed to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The District Court in this case acknowledged the standard in the rule: that it must act in "the interest of justice." The Court also recognized the "severe prejudice" that the plaintiffs may suffer under a dismissal because of Tennessee's one-year statute of limitations. Balanced against the prejudice to the plaintiffs if the case were dismissed, the Court recognized that the defendant would suffer no prejudice if the case were transferred. The District Court also found that the parties were not at fault in the mistaken transfer. Rather, the District Court concluded that the improper transfer resulted because the District Court in the Northern District of Alabama had mistakenly believed that the defendant resided in Ardmore, Giles County, Tennessee. Despite these findings, the District Court dismissed the case because, when the plaintiffs filed in federal court in the Northern District of Alabama after their state court dismissal, they had persisted in filing a second time in a district without personal jurisdiction.
 
 
 5
 The District Court's findings of prejudice to the plaintiffs in the event of dismissal, no prejudice to the defendant resulting from transfer, and transfer to an improper venue through no fault of the parties lead to the conclusion that the interest of justice would be served by a transfer rather than dismissal in this case. A single factor persuaded the District Court to dismiss: the improper second filing in a court in Alabama by the lawyer for plaintiffs. While such a mistake is not insignificant, its importance does not outweigh the prejudice to the plaintiffs themselves that may result from dismissal.[1]
 
 
 6
 We hold therefore that the District Court's ruling was not in the "interest of justice" under Sec. 1406(a) and that it erred in dismissing the case in the face of its finding of severe prejudice to the plaintiffs from a dismissal and no prejudice to defendants from transfer as well as a finding of improper venue through no fault of the parties. We reverse the order of dismissal and the denial of transfer and remand for an order not inconsistent with this opinion.
 
 
 
 [1]
 The effect of the District Court's decision is to reverse the decision of the District Court in Alabama on the motion to dismiss. Although the lawyer for plaintiffs eschews reliance on the "law of the case" doctrine, our decision on "interest of justice" grounds should not be read to preclude application of the "law of the case" doctrine in transfer cases. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1988) (holding that "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts")